576

381 A.2d 1043.

STATE *vs.* NEW ENGLAND ROOFING & GUTTER CO., INC. *et al.*

JANUARY 6, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM.   We issued our common law writ of certiorari at the request of the state to review an order entered in the Superior Court "passing" this case while the state was in the midst of presenting testimony seeking to enjoin the corporate respondent and its president and alter ego, Avery Kirby, from accepting deposits from customers prior to the installation of roofs, gutters, or siding. The state, in seeking equitable relief, was proceeding pursuant to the pertinent provisions of G.L. 1956 (1969 Reenactment) ch. 13.1 of title 6, better known as the Rhode Island Deceptive Trade Practices Act.

The record certified to us indicates that shortly after the state initiated its suit but prior to its seeking an injunction, the state and respondents entered into an "assurance of voluntary compliance." The assurance is authorized by §6-13.1-6. This particular assurance is an agreement that includes a plan for the paying back of deposits to a group of dissatisfied customers as well as respondents' promises that they will no longer accept pre-job deposits. The agreement, which was approved by the trial justice who passed the case, further stipulates that in the event of respondents' failure to abide by their promises, the state could then seek to hold them in contempt. In passing the case, the trial justice ruled that since the assurance was in actuality an order of the court, the state should be proceeding by way of contempt.

The record indicates that subsequent to the filing of its petition for certiorari but before our issuance of the writ, the state did seek further relief in the Superior Court by the filing of a motion in which it asked that the respondents be held in contempt for their failure to keep their promises. In view of the disclosures found in the certified record, our issuance of the writ was improvident.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the records certified to this court are remanded to the Superior Court.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Julius C. Michaelson,* Attorney General, *John R. McDermott,* Special Assistant Attorney General, for petitioner.

*Avery Kirby,* pro se, for respondents.